## SERGEANT *v.* KUHN.

Devise in trust, with power to the tenant for life to sell on irredeemable ground-rents, the tenant for life was authorized, by act of Assembly, to sell on redeemable ground-rents, payable to the trustees; the redemption money also to be received by the trustees, to be invested under the direction of the Orphans' Court, but the purchasers not bound to see to its application. The act is constitutional, and no objection can be made by a purchaser on that account.

ERROR to the District Court of the city and county of Philadelphia.

Elizabeth Powell devised the estate now in question, in trust for the use of J. H. P. for life ; remainder to trustees, to support contingent remainders ; remainder to S. P., the eldest son of J. H. P., for life ; remainder to his first and every other son in succession in tail ; remainder to the second and every other son of J. H. P. in tail ; and in default of such issue, remainder to S. P. G. in fee, if living at the time of such default of issue ; but if he should then be dead, remainder to T. M. W. in fee, with power to any tenant for life to sell on irredeemable ground-rents, which were to be paid to the persons entitled under the uses of the will.

By an act of 1836, the legislature authorized a sale by the tenant for life, on ground-rents redeemable at any time not less than two years from the execution of the deed, on payment of a sum of money, not less than sixteen and two-thirds years' purchase of the rent. The redemption money to be paid to the trustees, or their successors, and to be invested in their names, under the direction of the Orphans' Court, for the same persons, estates, and uses as are declared in the will ; but the purchasers were not to be bound to see to the application of the money. The conveyances were to be made by the tenant for life, without the necessity of a joinder by the trustees, but the rents reserved, and moneys made payable thereby, were to be receivable and recover-

able from time to time, in the same name or names in like manner and with the same effect as if the said trustees were parties thereto.

In pursuance of the power, J. H. P., the tenant for life, sold and conveyed a lot of ground to defendant, reserving a rent to the trustees under the will, redeemable at any time after two years from the date of the deed, on payment of a certain sum of money to the trustees or their survivor, or their successors duly appointed.

The validity of these acts of Assembly having been doubted, the purchaser declined paying rent, and on a proceeding being had, filed an affidavit of defence, in which it was averred the purchase was for the purpose of building lots, and would not have been made unless the title had been supposed unimpeachable, and that the rent reserved was in lieu of purchase money, an ordinary mode of selling in Philadelphia; for these reasons the validity of the act was submitted to the court.

The court below, after argument by J. Sergeant, for defendant, gave judgment for the plaintiff, and on writ of error, the question having been previously decided at this term, the case was submitted without argument.

*April* 25. Per Curiam.—The principles of this case were so fully considered at the present term in Norris *v.* Clymer, antè, 277, that no more is necessary at present than to affirm the judgment. Mrs. Sergeant will have a title on which she may rely with implicit confidence, and she will doubtless pay the stipulated price for it with cheerfulness. The facts stated in her affidavit constituted no defence; and the plaintiffs were clearly entitled to recover.

Judgment affirmed.